# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

NOV **1 3** 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| CESAR HERRERA (1) | Case Number:  18CR1009 MMA |
| | CASEY DONOVAN JR |
| | Defendant's Attorney |

**USM Number**        67960298

☐  –

THE DEFENDANT:

☒  pleaded guilty to count(s)        ONE AND TWO OF THE SUPERSEDING INFORMATION

☐  was found guilty on count(s) _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 21 USC 843(b) | UNLAWFUL USE OF A COMMUNICATION FACILITY | 1-2 |

The defendant is sentenced as provided in pages 2 through        5        of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☒  Count(s)    UNDERLYING INDICTMENT        is        dismissed on the motion of the United States.

Assessment : $100.00 AS TO EACH COUNT ($200.00 TOTAL)

☒  –

☐  JVTA Assessment*: $

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine        ☐  Forfeiture pursuant to order filed        , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 12, 2019
Date of Imposition of Sentence

HON. MICHAEL M. ANELLO
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| DEFENDANT: | CESAR HERRERA (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 18CR1009 MMA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: FORTY-EIGHT (48) MONTHS AS TO COUNT 1 (WITH TWELVE (12) MONTHS TO RUN CONSECUTIVE AND THIRTY-SIX (36) MONTHS TO RUN CONCURRENT TO COUNT 2) and FORTY-EIGHT (48) MONTHS AS TO COUNT 2, FOR A TOTAL OF SIXTY (60) MONTHS.

☐    Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒    The court makes the following recommendations to the Bureau of Prisons:
      -   PLACEMENT AT FCI TERMINAL ISLAND.
      -   PLACEMENT IN THE RESIDENTIAL DRUG TREATMENT PROGRAM (RDAP).

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant must surrender to the United States Marshal for this district:

     ☐   at _____ A.M.     on _____

     ☐   as notified by the United States Marshal.

☐    The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   on or before

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | | |
|---|---|---|
| DEFENDANT: | CESAR HERRERA (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 18CR1009 MMA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
ONE (1) YEAR AS TO EACH COUNT TO RUN CONCURRENTLY

## MANDATORY CONDITIONS

1.  The defendant must not commit another federal, state or local crime.
2.  The defendant must not unlawfully possess a controlled substance.
3.  The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4.  ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5.  ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6.  ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7.  ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed    because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation    officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation Officer.

3. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only ' when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

4. Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Varrio Posole Locos criminal street gang member or any other known criminal street gang member or known participant in a criminal street gang, unless given permission by the probation officer.

5. Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Varrio Posole Locos motorcycle club gang member, prospect or associate; any member or associate of a motorcycle club which has a history of involvement in criminal activity; or any other known gang member, prospect or associate, unless given permission by the probation officer.

6. Must not wear, display, use or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts or other articles of clothing that are known to represent criminal street gang affiliation, association with or membership in the Varrio Posole Locos criminal street gang or any other criminal street gang, unless given permission by the probation officer.

7. Must not knowingly loiter or be present in locations known to be areas where gang members congregate, unless given permission by the probation officer.

8. Must not display any known gang signs or gestures.

//